UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHAYMARL CORMIER,

               Petitioner,

-against-

JOHN BURGE, Superintendent,

               Respondent.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-2277 (FB)

*Appearances:*
*For the Petitioner:*
CHAYMARL CORMIER, *Pro Se*
00-A-1018
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: SOLOMON NEUBORT, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

    Petitioner Chaymarl Cormier ("Cormier"), appearing *pro se*, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court directs Cormier to submit an affirmation to show cause why the petition should not be dismissed as time-barred.

### I.

    On December 13, 1999, Cormier was convicted in New York State Supreme Court, Kings County; his conviction was affirmed by the Appellate Division, Second Department, on May 28, 2002. *See People v. Cormier*, 294 A.D.2d 593 (2d Dep't 2002). On December 4, 2002, the New York Court of Appeals denied Cormier's application for leave to appeal. *See People v. Cormier*, 99 N.Y.2d 556 (2002). Cormier filed an application for writ of error coram nobis in the New York Court of Appeals on April 29, 2004, asserting that he received ineffective assistance of appellate counsel. The application was denied on

1

November 22, 2004, and motion for reargument was denied on February 22, 2005. Cormier filed the present petition for habeas corpus on May 4, 2005.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in relevant part that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Generally, the statute of limitation for a state prisoner to file a *habeas* petition is one year from the date on which his judgment becomes final, subject to certain exceptions. 28 U.S.C. § 2244(d)(1)(A). A judgment is deemed final when a petitioner's time to file a writ of certiorari to the United States Supreme Court expires, *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), which occurs 90 days after entry of judgment. Sup. Ct. R. 13. However, a properly filed post-conviction challenge will toll the one-year statute of limitation while the challenge is pending, 28 U.S. § 2244(d)(2), and the statute may be equitably tolled where appropriate. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000).

Cormier's conviction became final on March 4, 2003, upon the expiration of

the 90-day period to seek a writ of certiorari. In order to be timely, this *habeas* petition should have been filed on or before March 4, 2004, one year after Cormier's conviction became final; however, the petition was not filed until May 4, 2005. The petition is therefore time-barred under 28 U.S.C. § 2244(d)(1)(A) unless it is subject to statutory or equitable tolling.

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, such tolling only applies if the motion was filed before the expiration of the one-year period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Because Cormier did not file his coram nobis application until after the expiration of the one-year period, his petition is therefore time-barred unless it is subject to equitable tolling.

The one-year limitations period may be equitably tolled if Cormier can demonstrate that (1) "extraordinary circumstances prevented him from filing his petition on time[,]" *id.* at 17, and (2) he "acted with reasonable diligence throughout the period he seeks to toll." *Id.* If Cormier believes he can set forth facts in support of both of these prongs, he may do so in his affirmation.

3

## III.

Cormier is hereby directed to show cause by written affirmation,[1] within thirty days from the date of this Order, why the period of limitation should not bar the instant petition. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and opportunity to be heard before the court dismisses a petition as time-barred). No answer shall be required at this time and all further proceedings shall be stayed for thirty days or until Cormier has complied with this Order. If Cormier fails to comply within the time allowed, the instant petition shall be dismissed as time-barred.

**SO ORDERED.**

Brooklyn, New York
January 30, 2006

FREDERIC BLOCK
Senior United States District Judge

---

[1] An affirmation form is attached to this Order for Cormier's convenience.

4