UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CHAYMARL CORMIER,

               Petitioner,

                                      **MEMORANDUM AND**
                                      **ORDER**
-against-                                05-CV-2277 (FB)

JOHN BURGE, Superintendent,

               Respondent.
---------------------------------------------------------X

*Appearances:*
*For the Petitioner:*
CHAYMARL CORMIER, *Pro Se*
00-A-1018
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By: SOLOMON NEUBORT, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

       On January 30, 2006, the Court ordered *pro se* petitioner Chaymarl Cormier ("Cormier") to show cause by affirmation, within thirty days, why his petition for a writ of *habeas corpus* should not be denied as time-barred. In response, Cormier submitted a four-page letter in which he contended that the time for filing his *habeas* petition should be extended because (1) the Court did not grant his request for appointment of counsel and (2) he "wasn't informed of [his] next steps" after the Court of Appeals denied leave to appeal upon direct review. Ltr. at 1. The petition is denied as time-barred.

1

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, *habeas corpus* petitions must be filed within one year of the date the petitioner's judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1). As set forth in the Court's previous Memorandum and Order, dated January 30, 2006, Cormier had until March 4, 2004, to file his petition. He filed it on May 5, 2005, over one year later.

Although the one-year period may be equitably tolled if a petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll[,]" *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)), Cormier's professed ignorance of the one-year statute of limitations and his limited resources as a prison inmate explanations do not satisfy this burden. *See Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (that petitioner "has limited education, is ignorant of the law and legal procedure, lacked funds to hire another lawyer, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library" did not qualify as extraordinary circumstances); *see also Fennell v. Artuz*, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal system, would undermine AEDPA statute of limitations).

## CONCLUSION

The petition is denied as time-barred. Because Cormier has failed to make a substantial showing of a denial of a federal right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 24, 2006